## CIRCUIT COURT OF FAIRFAX COUNTY

Mary Lyn Adams

v.

William G. Adams

December 10, 1992

Case No. (Chancery) 123444

By Judge Jack B. Stevens

The Court has had under advisement the motion of the Complainant to incorporate an agreement executed by the parties into an Order of the Court pursuant to §20–109.1, Code of Virginia (1950) as amended.

The Defendant objects to the granting of the motion, principally upon the ground that the agreement is unconscionable as well as some other minor grounds.

The Court first finds that, with the exception of the support of the wife and minor child, the agreement does *not* undertake to make any disposition of the parties' property interests; it only makes provision to maintain the status quo although the Defendant is charged with the expense of such maintenance. As such, the Court only addresses the objections as they pertain to the provisions for support.

The Court finds that the amount specified in the agreement for the support of the wife and minor child is unconscionable. The amount the Defendant is to pay the Complainant is specified as (1) $2,050.00 per month (an amount greater than the Defendant grosses per month from his employment), (2) the child's school tuition, uniform costs and books, (3) the premiums on a major medical health insurance policy covering the Complainant and child as well as to pay all medical expenses on both not covered by insurance, (4) the premiums on a $125,000 life insurance policy on the Defendant's life with Complainant and children as alternate beneficiaries and direction to leave those beneficiaries unchanged, (5) pay the premiums on a $125,000 life insurance policy on the Complainant's life, and (6) pay all costs

associated with the use of an automobile by the Complainant including personal property taxes, insurance premiums, repairs and maintenance as well as one half the expense of insuring and maintaining a second vehicle.

The agreement fails to take into account any earnings of the Complainant or her ostensible assets, which would appear to be as great as the Defendants. In short, the Court finds that the inequality in obligation represented by the agreement is extreme enough to justify equitable relief. *Derby v. Derby*, 8 Va. App. 19 (1989). The Court is not unmindful that the $2,050.00 payment would be subject to adjustment upon the minor attaining majority but does not deem that a sufficient basis to overlook the inequity found. See *Carter v. Carter*, 215 Va. 475 (1975).

The Court does not find the objections by Defendant based upon vagueness, intent and termination to have any merit.